1  KEVIN V. RYAN (CABN 118321)
   United States Attorney

2

3  MARK L. KROTOSKI (CABN 138549)
   Chief, Criminal Division

4  KIRSTIN M. AULT (CABN 206052)
   Assistant U.S. Attorney

5

6  450 Golden Gate Ave., Box 36055
   San Francisco, CA 94102
   Telephone: (415) 436-6960

7  Facsimile: (415) 436-7234

8  Attorneys for the United States

**FILED**
OCT 3 1 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

9               UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11              SAN FRANCISCO DIVISION

12

13  UNITED STATES OF AMERICA,        )   CRIMINAL NO. 3:06-70711
                                     )
14         Plaintiff,                )
                                     )   NOTICE OF PROCEEDINGS ON
15    v.                             )   OUT-OF-DISTRICT CRIMINAL
                                     )   CHARGES PURSUANT TO RULES
16  HIRODHIGE CRANNEY,               )   5(c)(2) AND (3) OF THE FEDERAL RULES
                                     )   OF CRIMINAL PROCEDURE
17                                   )
           Defendant.                )
18                                   )
                                     )
19  _____)

20      Please take notice pursuant to Rules 5(c)(2) and (3) of the Federal Rules of Criminal

21  Procedure that on or about October 31, 2006, the above-named defendant was arrested based

22  upon an arrest warrant (copy attached) issued upon an

23      ☐ Indictment

24      ☐ Information

25      X Criminal Complaint

26      ☐ Other (describe)

27

28

1

1  In that case, the defendant is charged with a violation of Title 21, United States Code,
2  Section 841, distribution of a controlled substance.
3  Description of Charges: Defendant participated in the distribution of anabolic steroids, in
4  violation of Title 21, United States Code, Section 841.

Respectfully Submitted,

KEVIN V. RYAN
UNITED STATES ATTORNEY

Date: 10-31-06

_____
KIRSTIN M. AULT
Assistant U.S. Attorney

2

Warrant for Arrest

# United States District Court

## FOR THE DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

v.

HIROSHIGE CRANNEY

**WARRANT FOR ARREST**

CASE NUMBER:

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest _____ **HIROSHIGE CRANNEY** _____
Name

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

☐ Indictment  ☐ Information  ☒ Complaint  ☐ Order of court  ☐ Violation Notice  ☐ Probation Violation Petition

charging him or her with (brief description of offense)

Knowingly and intentionally distributing a controlled substance

in violation of Title _____ 21 _____, United States Code, Section(s) _____ 841(a) & (b)(1)(D) _____

| Hon. Joan G. Margolis | at | United States Magistrate Judge |
|---|---|---|
| Name of Issuing Officer | | Title of Issuing Officer |
| *[signature]* | | October 26, 2006<br>New Haven, Connecticut |
| Signature of Issuing Officer | | Date and Location |

Bail fixed at $ _____     by     _____
                                                    Name of Judicial Officer

| RETURN |||
|---|---|---|
| This warrant was received and executed with the arrest of the above-named defendant at _____ |||
| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| DATE OF ARREST | | |

## ATTACHMENT B



Criminal Complaint

# United States District Court

### FOR THE DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | **CRIMINAL COMPLAINT** |
|---|---|
| V. | CASE NUMBER: |
| HIROSHIGE CRANNEY | |

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __July and August, 2006__ in __New Haven__ county, in the District of Connecticut, defendant(s) did (Track Statutory Language of Offense)

Knowingly and intentionally distribute a controlled substance

in violation of Title _____21_____, United States Code, Section(s) _____841(a) & (b)(1)(D)_____.

I further state that I am a(n) __Special Agent with the Federal Bureau of Investigation__ and that this complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof.   ☒ Yes   ☐ No

_____
Signature of Complainant

Sworn to before me, and subscribed in my presence,

October 26, 2006                                    at      New Haven, Connecticut
Date                                                         City and State

Hon. Joan G. Margolis
United States Magistrate Judge
Name & Title of Judicial Officer                              Signature of Judicial Officer

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STATE OF CONNECTICUT      :
                          :    ss: New Haven, October 26, 2006
COUNTY OF NEW HAVEN       :

**AFFIDAVIT**

I, Spencer Evans, being duly sworn, do hereby depose and state:

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been so employed for approximately two years. I am assigned to the New Haven Division, where I am attached to a squad that is responsible for the investigation of public corruption, civil rights, white-collar crime, and health care fraud matters. During my tenure with the FBI, I have conducted numerous investigations of criminal activity, and I have participated in the execution of numerous search warrants, including search warrants authorizing the seizure of computers and electronic data.

2. Together with other law enforcement officers, I am conducting an investigation into the illegal sale of prescription pharmaceuticals, including Schedule III controlled substances, over the Internet. This affidavit is made in support of an application for a warrant to arrest HIROSHIGE CRANNEY, who is believed to reside at 166 Flood Avenue in San Francisco, California. This affidavit is further made in support of an application for a warrant to search the sell.com account

"Hiroshige" (the "SUBJECT ACCOUNT") and to seize, pursuant to Rule 41 of the Federal Rules of Criminal Procedure, any evidence of a crime; contraband, fruits of crime, or other items illegally possessed; or property designed for use, intended for use, or used in committing a crime, as described more fully in Attachment A to this affidavit.

3. Based on the facts set forth herein, there is probable cause to believe that HIROSHIGE CRANNEY has been distributing steroids over the Internet, both prescription pharmaceuticals and Schedule III controlled substances, in violation of Title 21, United States Code, Section 841 (unlawful distribution of a controlled substance) and Title 21, United States Code, Sections 331(a) and 333(a) (distributing misbranded drugs) (collectively, the "TARGET OFFENSES"). There is also probable cause to believe that the SUBJECT ACCOUNT contains evidence, contraband, or property used in connection with the TARGET OFFENSES.

4. The statements contained in this affidavit are based upon my experience and training and on information provided to me by other agents of the FBI, other law enforcement officers, and witnesses as part of this investigation. Since this affidavit is being submitted for the limited purpose of securing an arrest warrant and a search warrant, I have set forth only those facts that I believe establish probable cause. I have not

set forth each and every fact known to me resulting from the investigation.

## THE INVESTIGATION

5. As described more fully below, there is probable cause to believe that HIROSHIGE CRANNEY, residing at 166 Flood Avenue in San Francisco, California, is selling steroids over the Internet via sell.com, using the "Hiroshige" account, *i.e.*, the SUBJECT ACCOUNT. Based on my training and experience, I know the steroids sold by CRANNEY to be Schedule III controlled substances under the Controlled Substances Act.

### A. Hiroshige Cranney

6. On or about July 13, 2006, I observed advertisements on the website "sell.com" showing photographs and descriptions of several drugs, including dianabol and winstrol, which are Schedule III controlled substances. The advertisements had been placed by an individual using the "sell.com" account "Hiroshige."

7. The website "sell.com" describes itself as "the alternative to eBay and other online auctions." The website is operated by sell.com, inc., which is based in Dallas, Texas. The "sell.com" website is essentially an online marketplace to bring together buyers and sellers of a wide variety of goods and services. The website enables buyers and sellers to send messages concerning the goods and services being offered for

sale. Some of those messages have already been provided to me by sell.com; the purpose of the requested search warrant is to obtain those messages and any other messages or other records relating to the SUBJECT ACCOUNT pursuant to Title 18, United States Code, Section 2703(a) & (b)(1)(A).

8. According to information provided to me by sell.com pursuant to a subpoena:

   a. On or about July 7, 2005, an individual identifying himself as "D Johnson" registered the "Hiroshige" account.

   b. On or about November 9, 2005, the individual using the "Hiroshige" account provided a Visa account number in the name of "Hiro Cranney," with a billing address of 2807 Regent Street in Berkeley, California.

   c. In or about August, 2006, the individual using the "Hiroshige" account provided another Visa account number and an American Express account number, both in the name of "Hiroshige Cranney" with a billing address of 166 Flood Avenue in San Francisco, California.

9. Based on the sell.com records, there is probable cause to believe that the individual using the "sell.com" account "Hiroshige" is HIROSHIGE CRANNEY. Based on publicly-available databases, it appears that 2807 Regent Street in Berkeley, California is the residence of CRANNEY's family, where CRANNEY

lived or received mail before taking up residence at 166 Flood Avenue in San Francisco, California. According to information provided to me by Federal Express pursuant to a subpoena, CRANNEY received a package at the 166 Flood Avenue address on or about August 30, 2006.

10. According to information provided to me by Wells Fargo Bank pursuant to a subpoena, HIROSHIGE CRANNEY has a joint checking account at Wells Fargo Bank (the "WELLS FARGO ACCOUNT"). The account appears to be jointly held with a member of CRANNEY's family, and the mailing address associated with the account is 2807 Regent Street in Berkeley, California.

11. On the MySpace.com web page for the "Hiro" account, there are postings which indicate that the account is used by HIROSHIGE CRANNEY, including birthday messages to "Hiro" on CRANNEY's date of birth. The web page further states that CRANNEY is an accounting student at San Francisco State University. A web page for the accounting student organization at that university identifies CRANNEY as a member. A photograph of CRANNEY from his MySpace.com web page is appended as Attachment B.

**B.   Sale of Steroids From the "Hiroshige" Account**

12. On or about October 25, 2006, I searched the "sell.com" website for products sold by HIROSHIGE CRANNEY through the "Hiroshige" account. Eighteen products were found, all of

5

which appear to be prescription drugs. Each product was advertised on a separate page, with photographs of the product being offered for sale. Some of the products appear to be Schedule III controlled substances, including:

  a.  British Dragon decabol, 250 mg/mL, in a 10 mL vial for $149.98. The active ingredient in decabol, nandrolone, is a Schedule III controlled substance.

  b.  ICN Galenika "Test E," 250 mg/mL, sold as ten 1 mL ampules for $139.98. The active ingredient in "Test E," testosterone, is a Schedule III controlled substance.

  c.  British Dragon turanabol, 10 mg/tablet, sold as one hundred tablets for $109.98. The active ingredient in turanabol, testosterone, is a Schedule III controlled substance.

  d.  British Dragon anadrol, 50 mg/tablet, sold as twenty tablets for $79.98. The active ingredient in anadrol, oxymetholone, is a Schedule III controlled substance.

  e.  Metanolon dianabol, 5 mg/tablet, sold as one hundred tablets for $54.98. The active ingredient in dianabol, methandrostenolone, is a Schedule III controlled substance.

  f.  British Dragon dianabol, 10 mg/tablet, sold as one hundred and fifty tablets for $129.98. The active

    ingredient in dianabol, methandrostenolone, is a

    Schedule III controlled substance.

  g. British Dragon winstrol, 10 mg/tablet, sold as one

    hundred tablets for $109.98. The active ingredient in

    winstrol, stanozolol, is a Schedule III controlled

    substance.

  h. British Dragon andropen, 275 mg/mL, in a 10 mL vial for

    $139.98. The active ingredient in andropen,

    testosterone, is a Schedule III controlled substance.

  13. The "sell.com" website allows buyers and sellers to rate one another and to provide public feedback. According to "sell.com," HIROSHIGE CRANNEY engaged in approximately 264 transactions over the past six months. A review of CRANNEY's feedback, *i.e.*, of the comments made about CRANNEY by other users, shows that CRANNEY was usually, if not always, the seller. CRANNEY has also accumulated a four-star rating, which is the highest rating on "sell.com." Based on the foregoing, there is probable cause to believe that CRANNEY is distributing prescription drugs, including Schedule III steroids, over the Internet.

  **C.** **Undercover Purchases from CRANNEY**

  14. On or about July 24, 2006, FBI S/A Thomas W. Provost, acting in an undercover capacity, accessed the "sell.com" website and initiated the purchase of 100 tablets of

dianabol from "Hiroshige," <u>i.e.</u>, HIROSHIGE CRANNEY. CRANNEY requested payment by money order, payable to "Hiroshige Cranney" and sent to 166 Flood Avenue in San Francisco, California.

      15. Approximately one week after the payment was made, a package was delivered to the undercover mailing address. Based on my training and experience, the package appeared to contain genuine anabolic steroids. A sample from the package was tested by the Drug Enforcement Administration laboratory in New York. The test results confirmed the presence of methandrostenolone, the active ingredient in dianabol.

      16. On or about August 8, 2006, FBI S/A Thomas W. Provost, acting in an undercover capacity, accessed the "sell.com" website and initiated the purchase of 130 tablets of winstrol from "Hiroshige," <u>i.e.</u>, HIROSHIGE CRANNEY. CRANNEY requested payment by money order, payable to "Hiroshige Cranney" and sent to 166 Flood Avenue in San Francisco, California.

      17. Approximately one week after the payment was made, a package was delivered to the undercover mailing address. Based on my training and experience, the package appeared to contain genuine anabolic steroids. A sample from the package was tested by the Drug Enforcement Administration laboratory in New York. The test results confirmed the presence of stanozolol, the active ingredient in winstrol.

18. According to information provided to me by Wells Fargo Bank pursuant to a subpoena, both payments for the undercover purchases were deposited into the WELLS FARGO ACCOUNT.

D.   **Internet Access to sell.com from the SUBJECT ACCOUNT**

19. According to records provided to me by sell.com pursuant to a subpoena, from on or about January 7, 2006 through on or about October 10, 2006, the "Hiroshige" account was accessed from IP address 71.198.137.206 approximately 975 times. According to records provided to me by Comcast pursuant to a subpoena, the IP address 71.198.137.206 was assigned to Stefan Arcelona, who was receiving Internet service at 166 Flood Avenue in San Francisco.

20. According to records provided to me by sell.com pursuant to a subpoena, the "Hiroshige" account was also accessed sporadically from other IP addresses, including an IP address assigned to San Francisco State University, where HIROSHIGE CRANNEY is a student.

**STATUTORY AUTHORITY**

21. Because the Court has jurisdiction over the offenses under investigation, the Court is authorized to issue the requested search warrant pursuant to Title 18, United States Code, Section 2703(a). Specifically, there is probable cause to believe that the SUBJECT ACCOUNT will contain evidence, contraband, or instrumentalities relating to violations of Title

21, United States Code, Section 841 (unlawful distribution of a controlled substance) and Title 21, United States Code, Sections 331(a) and 333(a) (distributing misbranded drugs) (collectively, the "TARGET OFFENSES").

22. Section 841 provides, in pertinent part, that "it shall be unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense . . . a controlled substance."

23. Section 331 provides, in pertinent part, that "[t]he introduction . . . into interstate commerce of any . . . drug . . . that is misbranded" is prohibited. Section 333 provides, in pertinent part, that "[a]ny person who violated a provision of section 331" is guilty of a crime. Under section 353(b), "[t]he act of dispensing a drug [without a prescription] shall be deemed an act which results in the drug being misbranded."

**PROBABLE CAUSE TO ARREST HIROSHIGE CRANNEY**

24. Based on the foregoing, there is probable cause to believe that HIROSHIGE CRANNEY has violated Title 21, United States Code, Section 841 (unlawful distribution of a controlled substance) and Title 21, United States Code, Sections 331(a) and 333(a) (distributing misbranded drugs), i.e., the TARGET OFFENSES.

**PROBABLE CAUSE TO SEARCH THE SUBJECT ACCOUNT**

25. Based on the foregoing, there is probable cause to believe that evidence, contraband, and instrumentalities of criminal activity, as described more fully in Attachment A to this affidavit, will be found in the sell.com account "Hiroshige," i.e., the SUBJECT ACCOUNT. In particular, there is probable cause to believe that the SUBJECT ACCOUNT will contain information identifying individuals who have purchased prescription pharmaceuticals from HIROSHIGE CRANNEY, as well as correspondence and other records concerning those transactions.

**CONCLUSION**

26. Based on the facts set forth herein, there is probable cause to believe that HIROSHIGE CRANNEY has violated Title 21, United States Code, Section 841 (unlawful distribution of a controlled substance) and Title 21, United States Code, Sections 331(a) and 333(a) (distributing misbranded drugs), i.e., the TARGET OFFENSES. There is also probable cause to believe that the sell.com account "Hiroshige," i.e., the SUBJECT ACCOUNT, contains evidence and fruits or instrumentalities of criminal activity, as described more fully in Attachment A. Accordingly, I respectfully request that the Court issue warrants authorizing (a) the arrest of CRANNEY, and (b) a search of the SUBJECT ACCOUNT for the items listed in Attachment A and the seizure of any such items found therein.

27. Finally, this affidavit contains information concerning an ongoing criminal investigation, the disclosure of which may compromise the investigation. Accordingly, the Government respectfully requests that this affidavit and any warrants issued thereon be ordered sealed by the Court, until further order of this Court or other court of competent jurisdiction.

_____
Spencer Evans, Special Agent
Federal Bureau of Investigation


Subscribed to and sworn before me
this 26th day of October, 2006

_____
HON. JOAN G. MARGOLIS
UNITED STATES MAGISTRATE JUDGE

12

**ATTACHMENT A**

Please provide the following information, in electronic form if available, with respect to the "Hiroshige" account ("TARGET ACCOUNT") at sell.com ("ISP"):

1.  All customer and subscriber information relating to the TARGET ACCOUNT. The information should include, but not be limited to, the following:

    a.  All identifying information, including subscriber names, addresses, telephone numbers, or alternate e-mail addresses;
    b.  Any forwarding address used in connection with the account;
    c.  The names of all related accounts;
    d.  The contents of any address book, buddy lists, or other forms of contact information;
    e.  All billing information or records, including means and source of payment.

2.  All logs, audit information, voice mail and e-mail addressing information for the TARGET ACCOUNT. This information should include, but not be limited to, the following:

    a.  Connection time, date and length for any connection or access to the ISP or services provided by the ISP;
    b.  Method of connection to the ISP or services provided by the ISP;
    c.  Any information concerning the origin of any such connection (e.g., originating IP address);
    d.  Source or destination of any communications sent from or received by the ISP, as well as the date, time, and length of such message; and
    e.  Any address to which communications were forwarded, or to be forwarded, from the ISP.

3.  The contents of all electronic mail messages associated with the TARGET ACCOUNT, including but not limited to sent email, received email, opened email, unopened email, deleted email, and draft email. Such e-mail shall contain full e-mail headers and footers, if available, and all attachments, if applicable.

4.  The contents of all electronic storage associated with the TARGET ACCOUNT.

## ATTACHMENT B



ATTACHMENT B