UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>HIROSHIGE CRANNEY,<br><br>    Defendant. | No.: 3:06-70711 EDL (EMC)<br><br>STIPULATION AND ORDER FOR NEW STATUS DATE AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT |

With the agreement of the parties, the Court enters this order vacating the April 16, 2007, hearing date, setting a new hearing date of May 6, 2007, at 9:30 a.m. before the duty magistrate judge, and excluding time under the Speedy Trial Act from April 16, 2007, to May 6, 2007. The parties agree, and the Court finds and holds, as follows:

1. Cranney made an initial appearance in this district on a complaint and has been released on a personal recognizance bond. On December 20, 2006, a grand jury in the District of Connecticut returned an indictment charging him with distributing a controlled substance in violation of 21 U.S.C. § 841(a)(a) and (b)(1)(D).

2. The parties contemplate a Rule 20 transfer to this district. The assistant United States attorney in the District of Connecticut (the transferring district) has provided discovery to Cranney, and the defense is reviewing the discovery to evaluate the disposition. In addition, the defense has requested, and is awaiting, additional discovery relevant to her determination about

the appropriateness of the disposition. Finally, defense counsel is in the middle of a several-month trial.

3. The case is currently scheduled for status on the Rule 20 transfer and arraignment on the indictment on April 16, 2007, at 9:30 a.m. For continuity of defense counsel and to allow defense counsel to obtain and review the additional discovery, which is needed for effective preparation of defense counsel, the parties ask for a continuance to May 6, 2007. A continuance also will provide sufficient time for the Rule 20 process to be completed.

4. The parties agree, and the Court finds and holds, that failure to grant the continuance would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). The parties agree, and the Court finds and holds, that failure to grant a continuance would unreasonably deny the defense continuity of counsel. See id. The parties agree, and the Court finds and holds, that the ends of justice served by excluding the period from April 16, 2007, to May 6, 2007, outweigh the best interest of the public and the defendant in a speedy trial. Id. § 3161(h)(A).

5. Accordingly, and with the consent of the defendant, the Court (1) vacates the April 16, 2007, status date and sets a hearing date before the duty magistrate judge on May 6, 2007, at 9:30 a.m., and (2) orders that the period from April 16, 2007, to May 6, 2007, be excluded from Speedy Trial Act calculations under 18 U.S.C. § 3161(h)(8)(A) & (B)(iv).

STIPULATED:

DATED:   04/09/07                           /s
                                    ELIZABETH FALK
                                    Attorney for Hiroshige Cranney

DATED:   04/09/07                           /s
                                    LAUREL BEELER
                                    Assistant United States Attorney

IT IS SO ORDERED.

DATED:_____              _____
                                    EDWARD M. CHEN
                                    United States Magistrate Judge

STIPULATION AND ORDER (3:06-70711 EDL) (EMC)    2